IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| STATE OF TEXAS, | § | |
| | § | |
| Plaintiff | § | |
| | § | |
| | § | |
| vs. | § | Civil Action No. A-09-CA-387-SS |
| | § | |
| | § | |
| SCM MEDIA, INC., | § | |
| ON POINT MEDIA, INC; | § | |
| INTERACTIVE LEADERS, INC.; | § | |
| PACIFIC GUARD WARRANTY, LLC; | § | |
| NICHOLAS J. LONG, individually; | § | |
| MICHAEL AARON JONES, individually; | § | |
| FRANK D. FRAPPIER, individually; | § | |
| CHRISTIAN A. WESTBROOK, individually; | § | |
| and ANDREW C. SALISBURY, individually. | § | |
| | § | |
| Defendants. | § | |
| | § | |

## PLAINTIFF'S FIRST AMENDED COMPLAINT

**TO THE HONORABLE UNITED STATES DISTRICT COURT JUDGE:**

Plaintiff STATE OF TEXAS, acting by and through the Attorney General of Texas, GREG ABBOTT, files this Complaint against SCM MEDIA, INC. ( "SCM"), ON POINT MEDIA, INC. ( "OnPoint"), PACIFIC GUARD WARRANTY, LLC. ("Pacific Guard"), INTERACTIVE LEADERS, INC. ("Interactive"), NICHOLAS J. LONG ("Long"), MICHAEL AARON JONES ("Jones"), FRANK D. FRAPPIER ("Frappier"), CHRISTIAN A. WESTBROOK ("Westbrook"), and ANDREW C. SALISBURY ("Salisbury"), and for causes of action would respectfully show as follows:

## JURISDICTION AND VENUE

1.     This action is brought by Attorney General Greg Abbott, through his Consumer Protection &
Public Health Division, in the name of the STATE OF TEXAS and in the public interest, pursuant to
the Telephone Consumer Protection Act, 47 U.S.C. § 227 (f)(4) ("TCPA"), Section 4(a) of the
Telemarketing and Consumer Fraud and Abuse Prevention Act ("Telemarketing Act"), 15 U.S.C. §
6103(a), the Texas Telemarketing Disclosure and Privacy Act, Tex. Bus. & Com. Code § 304.001 *et
seq.* (Vernon Supp. 2008) ("Texas No Call Act"), and the Texas Deceptive Trade Practices -
Consumer Protection Act, Tex. Bus. & Com. Code § 17.41 *et seq.* (Vernon 2002 & Supp. 2008)
("DTPA").

2.     This Court has jurisdiction over the subject matter of the claims under the TCPA and the
Telemarketing Act pursuant to 28 U.S.C. § 1331, and has pendant jurisdiction over the subject
matter of the Texas No Call Act and DTPA claims pursuant to 28 U.S.C. § 1367. This action arises
under 15 U.S.C. § 45(a).

3.     Venue of this suit lies in the Western District of Texas, Austin Division pursuant to 28
U.S.C. § 1391(b) because a substantial part of the events giving rise to the claim alleged herein
occurred within the Western District of Texas, as more specifically alleged below, and pursuant to
28 U.S.C. § 1395(a) because this is a civil proceeding for the recovery of a pecuniary fine, penalty or
forfeiture.

## DEFENDANTS

4.     Defendant SCM MEDIA, INC. is a California corporation which has done business in Texas
but is not registered to conduct business in the State of Texas and has not designated an agent for
service of process in this State. This lawsuit arises out of Defendant's business in this State as more

specifically described below.  Defendant can be served by serving its registered agent in California, Legalzoom.com, Inc., 7083 Hollywood Blvd, Ste. 180, Los Angeles, CA 90028.

5.      Defendant ON POINT MEDIA, INC. is a California corporation which has done business in Texas but is not registered to conduct business in the State of Texas and has not designated an agent for service of process in this State.  Defendant can be served by serving its registered agent in California, Christina Lee, 516 Luminous, Irvine, CA 92603.

6.      Defendant PACIFIC GUARD WARRANTY, LLC is a Nevada corporation which has done business in Texas but is not registered to conduct business in the State of Texas and has not designated an agent for service of process in this State.  This lawsuit arises out of Defendant's business in this State as more specifically described below.  Defendant can be served by serving its registered agent in California, Jeffrey R. Matsen, 695 Town Center Dr., Ste 700, Costa Mesa, CA 92626.

7.      Defendant INTERACTIVE LEADERS, INC. is a Nevada corporation which has done business in Texas but is not registered to conduct business in the State of Texas and has not designated an agent for service of process in this State.  This lawsuit arises out of Defendant's business in this State as more specifically described below.  Defendant can be served by serving its registered agent, Nevada Corporate Services, Inc., 8883 West Flamingo Rd, Ste 102, Las Vegas, NV, 89147.

8.      Defendant NICHOLAS J. LONG is an individual who resides in the State of California and may be served at his residence, 43 Drake St., Newport Beach, CA 92663, or wherever he may be found.

9.      Defendant MICHAEL AARON JONES is an individual who resides in the State of California

and may be served at his residence, 516 Luminous, Irvine, CA 92603, or wherever he may be found.

10.     Defendant FRANK D. FRAPPIER is an individual who resides in the State of California and may be served at his residence, 13322 Bow Pl., Santa Ana, CA 92705, or wherever he may be found.

11.     Defendant CHRISTIAN A. WESTBROOK is an individual who resides in the State of California and may be served at his residence, 176 Waterman Cir., Danville, CA 94526, or wherever he may be found.

12.     Defendant ANDREW C. SALISBURY is an individual who resides in the State of California and may be served at his residence, 19566 Elderwood Cir., Huntington Beach, CA 92648, or wherever he may be found.

## ACTS OF AGENTS

13.     Whenever it is alleged in this petition that Defendants did any act, it is meant that the Defendants performed or participated in the act or that Defendants' officers, agents or employees performed or participated in the act on behalf of and under the authority of a Defendant.

## TRADE AND COMMERCE

14.     The Defendants have, at all times described below, engaged in conduct which constitutes "trade" and "commerce" as those terms are defined by §17.45(6) of the DTPA.

## PUBLIC INTEREST

15.     Plaintiff, STATE OF TEXAS, has reason to believe that Defendants have engaged in and continue to engage in a pattern or practice of unlawful practices as set forth below.  Plaintiff also has reason to believe that Defendants have caused and will continue to cause injury, loss and damage to the STATE OF TEXAS, and will also cause adverse effects to legitimate business enterprises which lawfully conduct trade and commerce in this State.

## NATURE OF DEFENDANTS' OPERATION

16.     Defendants SCM and OnPoint are marketing companies that, as part of their normal operations, engage in telemarketing.  Rather than selling their own goods or services, Defendants SCM and OnPoint typically make telemarketing calls on behalf of other entities.  On information and belief, Defendants SCM and OnPoint utilize an automated telephone dialing system to place their telemarketing calls.

17.     Defendants SCM and OnPoint are collectively controlled and directed by Defendants Long, Jones, and Salisbury, each of whom participate in the day to day operations of Defendants SCM and OnPoint.  Whenever it is alleged herein that Defendants SCM or OnPoint have engaged in any act or practice, it is further alleged that such act or practice was authorized and/or directed by Defendants Long, Jones, and Salisbury.

18.     Defendants Pacific Guard and Interactive are collectively in the business of selling extended service contracts for automobiles.  Like Defendants SCM and OnPoint, Defendants Pacific Guard and Interactive do not sell their own product, but rather sell extended service contracts on behalf of third parties who are the actual provider and administrator of the service contracts.  Although Defendant Pacific Guard is the entity that contracts with the provider/administrator to sell the contracts, the sales representatives who actually talk to consumers are employed by Defendant Interactive.

19.     Defendants Pacific Guard and Interactive collectively controlled and directed by Defendants Frappier and Westbrook, both of whom participate in the day to day operations of Defendants Pacific Guard and Interactive.  Whenever it is alleged herein that Defendants Pacific Guard or Interactive have engaged in any act or practice, it is further alleged that such act or practice was authorized

and/or directed by Defendants Frappier and Westbrook.

## STATEMENT OF FACTS

20.     Defendants have harassed countless Texas consumers through a consistent campaign of deceptive and abusive telemarketing calls to their homes, offices, and cell phones, in complete disregard of the numerous federal and state laws aimed at protecting the privacy of Texas consumers.

21.     In the instant case, Defendants SCM and OnPoint have initiated hundreds of thousands of calls to hundreds of thousands of Texas consumers as part of a campaign by Defendants Interactive and Pacific Guard to sell automobile service contracts. Defendants have made these calls despite the fact that many of the called consumers' telephone numbers are registered on either the federal or Texas no call list.. For example, between February 4, 2009, and February 6, 2009, Defendants generated more than 4300 telephone calls to cellular customers in the 512 area code. Of the approximately 1300 of those calls made to cellular telephone customers of AT&T Mobility LLC, more than 300 were registered on either the federal or Texas no call list.

22.     As part of the campaign described above, Defendants SCM and OnPoint initiate prerecorded voice message calls to consumers. The prerecorded messages do not identify the Defendants or otherwise inform consumers who is calling. Instead, the messages cause confusion and mislead consumers by falsely representing that the consumers' car warranty is about to expire and that this is their final call. Defendants make this representation regarding consumers' car warranties without knowing whether the consumer even has a car, much less the status of the consumer's warranty.

23.     Defendants' messages instruct consumers to stay on the line to speak to a representative. But because Defendants use an automated, predictive dialer, they often place more telephone calls than they have sales persons available to answer. As a result, consumers may have to wait several

seconds or minutes for a live operator to answer. Even when a live operator answers, Defendants do not identify themselves, but immediately ask the consumer for additional information including the make and model of the consumer's car. If anything, Defendants may use a generic, unregistered name like "Warranty Service Center." Ultimately, consumers are transferred to a "Senior Warranty Representative" whose responsibility it is to provide information about the "warranty" being offered and to close the deal.

24.    Not only do Defendants fail to disclose their identity, but they intentionally hide their identity and create confusion by providing inaccurate caller ID information. Upon information and belief, Defendants SCM and OnPoint use technology to "spoof" the telephone number that appears on the consumer's caller ID, causing it to display a non-working number rather than Defendants' actual telephone number.

25.    Defendants cause further confusion in the second part of the call when the consumer is transferred to speak with a Senior Warranty Representative. Defendants' sales pitch repeatedly refers to the sale of a warranty and an extended warranty. What is actually being offered, however, is an extended service contract which is subject to specific state regulations. In the course of the sales pitch, Defendant Pacific Guard fails to disclose material elements of the extended service contract being offered. For example, Defendant Pacific Guard represents that, "nothing changes about where you have the vehicle repaired, you can still go back to your local ... dealer, or any other ASE certified repair facility ... . Also, you will only have a $_____ deductible, which means that every time you bring your vehicle in to be repaired, that is the most you will ever pay... ." Defendants fail to disclose that most extended service contracts include extensive conditions, such as requirements that consumers maintain evidence of proper maintenance, requirements that the consumer obtain

preapproval of repair facilities, and limits on the amounts covered for any specific repairs, regardless of how much the dealer or repair facility may charge the consumer.

26.     The Defendants' sales pitch refers to the "warranty" being offered as if it is a product of Defendant Pacific Guard.  In fact, Pacific Guard Warranty, contrary to the implication of its name, is merely the broker selling extended service contracts on behalf of yet another entity.  The name of the entity on whose behalf the service contract is actually being sold is not revealed to the consumer.

### FIRST CAUSE OF ACTION
### VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT

27.     Plaintiff realleges paragraphs one through twenty-six and incorporates them herein as if set forth here in full.

28.     The TCPA, 47 U.S.C. 277, *et seq.*, was enacted to, among other things, protect the privacy interests of residential and wireless telephone subscribers from invasive telemarketing practices, particularly the use of automated dialing equipment or prerecorded voices to make unsolicited telemarketing calls.  The TCPA provides, for example, that it "shall be unlawful for any person within the United States... to make any call (other than a call made for emergency purposes or made with the prior express consent of the called party) using any automatic telephone dialing system or an artificial or prerecorded voice... to any telephone number assigned to a... cellular telephone." 47 U.S. C. 227(b)(1)(A)(iii).

29.     Defendants have violated the TCPA, 47 U.S.C. 227(b)(1)(A)(iii) by making hundreds of thousands of unsolicited telephone calls to Texas consumers' cell phones using an automatic telephone dialing system or an artificial or prerecorded voice.

30.     The regulations promulgated by the Federal Communications Commission pursuant to the

TCPA provide that "All artificial or prerecorded telephone messages shall: (i) at the beginning of the message, state clearly the identity of the business, individual, or other entity that is responsible for initiating the call... ; and (ii) during or after the message, state clearly the telephone number (other than that of the autodialer or prerecorded message player that placed the call) of such business, other entity, or individual..." 47 C.F.R. § 64.1200(b).

31.    Defendants have violated 47 C.F.R. §§ 64.1200(b)(i) and (ii) by failing to identify both the identity of the caller and a working telephone number for the caller.

32.    The regulations promulgated by the FCC pursuant to the TCPA further provide that "no person or entity shall initiate any telephone solicitation... to... a residential telephone subscriber who has registered his or her telephone number on the national do-not-call registry... ." 47 C.F.R. § 64.1200(c)(2).

33.    The Defendants have violated § 64.1200(c)(2) by making calls to residential telephone numbers that are registered on the national do-not-call registry.

**SECOND CAUSE OF ACTION**
**VIOLATIONS OF THE TELEMARKETING AND CONSUMER FRAUD AND**
**ABUSE PREVENTION ACT**

34.    Plaintiff realleges paragraphs one through thirty-three and incorporates them herein as if set forth in full.

35.    Congress passed the Telemarketing and Consumer Fraud and Abuse Prevention Act, 15 U.S.C. § 6101-6108 to prohibit abusive and deceptive telemarketing acts or practices. Subsequently, the FTC pursuant to Congressional mandate adopted the Telemarketing Sales Rule (TSR), 16 C.F.R. Part 310 and its amendments, 68 Fed. Reg. 4580, 4669.

36.    Among the practices deemed abusive by the FTC in the TSR is the practice of "failing to

transmit or cause to be transmitted the telephone number, and, when made available by the telemarketer's carrier, the name of the telemarketer, to any caller identification service in use by a recipient of a telemarketing call... ."  16 C.F.R. 310.4(a)(7).

37.    Defendants have violated the Telemarketing Sales Rule (TSR) 16 C.F.R. § 310.4 (a)(7) by failing to transmit their telephone number and instead transmitting "spoofed numbers" when placing telemarketing calls to Texas consumers.

38.    The TSR also prohibits telemarketers from initiating any outbound telephone call to a person when that person's telephone number is on the do-not-call registry, unless the telemarketer has the express, written consumer of the person or has an established business relationship with the person. 16 C.F.R. § 310.4(b)(iii).

39.    The Defendants have violated the TSR by making telephone calls to persons whose numbers are registered on the national do-not-call registry, despite the fact that Defendants do not have an established business relationship with or the express, written consent of such persons.

40.    The TSR also prohibits telemarketers from abandoning any outbound telephone call; sellers are prohibited from causing a telemarketer to do so.  16 C.F. R 310.4(b)(1)(iv).  An outbound telephone call is abandoned if a person answers it and the telemarketer does not connect the call to a sales representative within two (2) seconds of the person's completed greeting. 16 C.F.R. 310.4(b)(1)(iv).

41.    Defendants' use of pre-recorded message telemarketing, where a solicitation to a live consumer begins with or is made entirely by a pre-recorded message, violates the TSR because the telemarketer is not connecting the call to a sales representative within two (2) seconds of the person's completed greeting. 16 C.F. R 310.4(b)(1)(iv).

## THIRD CAUSE OF ACTION
## VIOLATIONS OF THE TEXAS TELEMARKETING DISCLOSURE
## AND PRIVACY ACT

42.    Plaintiff realleges paragraphs one through forty-one and incorporates them herein as if set forth in full.

43.    The Texas Telemarketing Disclosure and Privacy Act ("Texas No Call Act") makes it unlawful for a telemarketer to make a telemarketing call to a telephone number that has been published on the then-current Texas no call list for more than 60 days.  Tex. Bus. & Com. Code § 304.052.  The Defendants have violated the Texas No Call Act by making multiple and repeated telephone calls to telephone numbers that were included on the then-current Texas no call list for longer than 60 days.

44.    The Texas No Call Act also prohibits telemarketers from (i) blocking the identity of the telephone number from which the call is made to evade a device designed to identify a telephone caller; or (ii) interfering with or circumventing the capability of a caller identification service or device to access or provide to the recipient of the telemarketing call any information regarding the call that the service or device is capable of providing.  Tex. Bus. & Com. Code § 304.151.  The Defendants' use of spoofed caller ID information violates this section of the Texas No Call Act.

## FOURTH CAUSE OF ACTION
## VIOLATIONS OF THE TEXAS DECEPTIVE TRADE PRACTICES ACT

45.    Plaintiff realleges paragraphs one through forty-four and incorporates them herein as if set forth in full.

46.    The DTPA prohibits any false, misleading or deceptive acts and practices in the conduct of any trade or commerce, including:

    (i)      Causing confusion or misunderstanding as to the source of goods or services;

    (ii)     Causing confusion as to affiliation, connection, or association with another;

    (iii)    Representing that goods or services have sponsorship, approval, characteristics, uses, or benefits that they do not have;

    (iv)    Representing that an agreement confers or involves rights, remedies, or obligations that it does not have or involve, or which are prohibited by law; and

    (v)     Failing to disclose information about goods or services that were known at the time of the transaction if the failure to disclose such information was intended to induce a consumer to enter into a transaction he or she otherwise would not have entered.

*See* Tex. Bus. & Com. Code §§ 17.46(a), 17.46(b)(2), 17.46(b)(3), 17.46(b)(5), 17.46(b)(12); and 17.46(b)(24).

47.    The Defendants' campaign of deceptive and harassing marketing calls, as set out in more detail above, violates the above provisions of the DTPA. For example, Defendants' attempt to hide their identity by using spoofed telephone numbers and using generic, unregistered business names creates confusion and misunderstanding regarding the source of the extended service contracts and the relationship between the various entities. Further, Defendants' misrepresentation regarding the impending expiration of consumers' warranties not only misrepresents the characteristics of the consumers' warranty, but also creates the mistaken impression that the caller is affiliated with the manufacturer of the consumers' automobile. Defendants, including Defendant Pacific Guard, misrepresent the characteristics of the automobile service contract by representing that it is a warranty. Defendant Pacific Guard also misrepresents the characteristics of the service contract, and also fails to disclose its many limitations.

**PRAYER**

48.   By reason of the acts and practices described herein above, Defendants have violated and will continue to violate the federal and state laws set forth above unless this Honorable Court enjoins them from doing so.

49.   WHEREFORE, PREMISES CONSIDERED, Plaintiff prays that Defendants be cited according to law to appear and answer herein; that after due notice and hearing a temporary injunction be issued on the terms set forth below; and that upon final hearing, a permanent injunction be issued, restraining and enjoining Defendants, their officers, agents, servants, employees, attorneys, and any other person in active concert or participation with Defendants, from:

      a.   Placing any telephone call or causing any telephone call to be placed to any Texas cellular telephone number using an automated telephone dialing system;

      b.   Placing any telephone call or causing any telephone call to be placed to any Texas cellular telephone number using any artificial or prerecorded telephone message;

      c.   Placing any telephone call or causing any telephone call to be placed to any Texas telephone number using a pre-recorded message without the prior express consent of the called party;

      d.   Placing any telephone call or causing any telephone call to be placed to a Texas telephone number using any artificial or prerecorded telephone message unless such message clearly states the identity of the business, individual, or other entity that is responsible for initiating the call;

e.   Placing any telephone call or causing any telephone call to be placed to a Texas telephone number using any artificial or prerecorded telephone message unless such message clearly states a telephone number for the business, individual, or other entity that is responsible for initiating the call that the recipient of the call can call to reach a live operator of the business, individual, or other entity;

f.   Placing any telephone call or causing any telephone call to be placed to any Texas telephone number that has been placed on the federal do not call registry or the Texas no call registry;

g.   Placing any telephone call or causing any telephone call to be placed to any Texas telephone number without transmitting the accurate telephone number and caller identification information to any caller identification service in use by the called party;

h.   Placing any telephone call or causing any telephone call to be placed to any Texas telephone number while using "spoofed" caller ID information;

i.   Misrepresenting, directly or indirectly, the entity that is making any telephone call to a Texas telephone number, including but not limited to using any false caller ID information or using any unregistered business name;

j.   Misrepresenting, directly or indirectly, that a consumer's automobile warranty is about to expire;

k.   Misrepresenting the characteristics, uses, or benefits of any automobile service contract; and

14

l.      Failing to clearly and conspicuously disclose all material terms and limitations of an automobile service contract.

50.    In addition, Plaintiff STATE OF TEXAS respectfully prays that this Court adjudge against Defendant civil penalties in favor of Plaintiff STATE OF TEXAS in the following amounts for violations of the TCPA:

a.      Five Hundred and No/100 Dollars ($500.00) for each violation of 47 U.S.C. § 227 and 47 C.F.R. § 64.1200; and

b.      One Thousand Five Hundred and No/100 Dollars ($1,500.00) for each such violation that was committed knowingly or willfully.

51.    Plaintiff STATE OF TEXAS further respectfully prays that this Court enjoin Defendant's telemarketing practices as alleged above, and Order the Defendants to pay damages, restitution, or other compensation on behalf of residents of Texas, or to Order such further and other relief as the court may deem appropriate for violations of the TSR.

52.    Plaintiff further respectfully prays that this Court adjudge against Defendants civil penalties in the amount of:

a.      One Thousand and No/100 Dollars ($1,000.00) for each violation of the Texas No Call Act; and

b.      Three Thousand and No/100 Dollars ($3,000.00) for each such violation that was committed knowingly or willfully.

53.    In addition, Plaintiff STATE OF TEXAS respectfully prays that this Court adjudge against Defendants civil penalties of up to $20,000.00 per violation of the DTPA.

54.     Plaintiff STATE OF TEXAS further prays that this Court order Defendants to pay all costs of

Court, costs of investigation, and reasonable attorneys' fees pursuant to TEX. GOV'T CODE §

402.006(c).

55.     The Plaintiff further prays that the Court grant all other relief to which the Plaintiff may show

itself entitled.

Respectfully submitted,

GREG ABBOTT
Attorney General of Texas

C. ANDREW WEBER
First Assistant Attorney General

DAVID S. MORALES
Deputy Attorney General for Civil Litigation

PAUL D. CARMONA
Chief, Consumer Protection Division

D. ESTHER CHAVEZ
Deputy Chief, Consumer Protection Division

C. BRAD SCHUELKE
State Bar No. 24008000
BRUCE V. GRIFFITHS
State Bar No. 08486500
Assistant Attorneys General
CONSUMER PROTECTION DIVISION
P.O. Box 12548
Austin, Texas 78711-2548
(512) 475-4656
FAX No. (512) 477-4544